United States District Court
District of South Carolina

| | |
|---|---|
| Robert W. Garrett *(aka Robert Willie Garrett)*, #267175; )<br>)<br>Petitioner; )<br>)<br>vs. )<br>)<br>Warden Stann Burtt; and Henry D. McMaster, Attorney )<br>General of South Carolina; )<br>)<br>Respondents. )<br>) | C/A No. 6:05-3497-HMH-WMC<br><br><br><br>**Report and Recommendation** |

The Petitioner, Robert Garrett (hereafter, "the Petitioner"), is a state prisoner proceeding *pro se* under Title 28 United States Code Section 2254.  By definition, the relief which the Petitioner seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. §2241(b)(3).  Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

### BACKGROUND

The Petitioner is incarcerated at the Lieber Correctional Institution, in Ridgeville, South Carolina, where he is serving a sentence of ten years imprisonment after a narcotics conviction in the Court of General Sessions for McCormick County, South Carolina.  The Petitioner makes two claims: (1) the South Carolina Department of Corrections (SCDC) is not deducting earned work time credits – allegedly totaling 657 days – from his sentence; and (2) SCDC has not granted him credits for good time.  Petitioner further alleges that: "I have submitted a grievance on this matter and by SCDC Policy the

1

grievance procedure is to adjudicate my grievance within 40 days and its going on 5 months now, and its still pending in the step one process moreover." [1-1, p. 6.] In a memorandum filed with the initial pleading, Petitioner states that he filed a Step One grievance in August 2005. Therefore, Petitioner believes he is entitled to seek *habeas corpus* relief in this Court.

## *PRO SE* PETITION

The Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Relief under § 2254 may only be pursued in this Court after a petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973). The

exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In *Mallory v. Smith*, 27 F. 3d 992, 994 (4th Cir. 1994), the United States Court of Appeals for the Fourth Circuit declared that the habeas petitioner must "make more than a perfunctory jaunt through the state court system." A petitioner is required to present fully and squarely to the state courts the same issues upon which he would rely in this Court.

In *Matthews v. Evatt*, 105 F3d. 907 (4th Cir. 1997), the Fourth Circuit once again reviewed the authorities on the exhaustion requirement (including *Mallory*) and declared that "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." 105 F 3d at 910-91I (citations omitted).

Petitioner believes that the alleged failure of the Respondents to address his Step One grievance constitutes exhaustion of available remedies. SCDC Policy/Procedure GA-01.12 "Inmate Grievance System" (November 1, 2004) provides administrative relief for prisoners. Inmates are required to attempt informal resolution before filing a grievance. The actual process consists of two stages: Step One (SCDC Form 10-5) is reviewed by the administration of a given correctional institution; Step Two (SCDC Form 10-5A) is reviewed within SCDC above the level of the institution warden.[1] SCDC deadlines for

---

[1] – On May 9, 1996, this court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the requirements of 42 U.S.C. § 1997e(a)(2). *See* Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996), which incorporate by reference SCDC PS-10.01 (May 1, 1996).

review of Step One grievances and Step Two appeals are forty (40) and sixty (60) days respectively.[2]  Denial of a Step Two grievance constitutes the final decision of SCDC.

For certain matters, however, SCDC inmates may appeal the Step Two denial to the South Carolina Administrative Law Court (ALC).  Among the matters subject to ALC review are Petitioner's allegations that his sentence has been improperly calculated and that good conduct credit has been denied.  See Sullivan v. SCDC, 586 S.E. 2d 124, 127 (S.C. 2004); Al-Shabazz v. State of South Carolina, 527 S.E. 2d 742, 753-757 (S.C. 2000).  Thus available state court remedies do not end with exhaustion of the SCDC grievance process.

Petitioner is obviously familiar with SCDC Policy/Procedure GA-01.12. I, citing correctly the deadlines for responses to Step One and Step Two grievances.  He has ignored, however, the following language in ¶ 13.5 of SCDC GA-01.12: "If, at the institutional level, the response to the grievance exceeds the established time limits, the grievance will automatically proceed to the next level of appeal.  The only exception will be when the Inmate Grievance Branch grants a continuance for a specific period of time."

There is no need for this Court to inquire further at this time.  Even if Court may accepts as true Petitioner's claims that his Step One grievance has received no response and that the deadlines under GA-01-12.1 have passed, he still has available an appeal to the ALC which under South Carolina law provides the basis for further judicial

---

[2] – The current SCDC Policy/Procedure GA-01.12 "Inmate Grievance System" allows forty (40) calendar days for a Warden to respond to Step One and sixty (60) calendar days thereafter for a determination upon a Step Two appeal.  See paragraphs 14.3 and 14.4.  Moreover, the directive provides that "in all instances, grievances will be processed from initiation to final disposition within 105 days except when the Chief/Designee, Inmate Grievance Branch, specifically agrees to a request for an extension." See paragraph 11.  The maximum extension period is limited to seventy-five days, with the specific provision that no grievance process may exceed one hundred eighty days.

review. His request for relief in this Court is premature. The petition should be dismissed without prejudice.

Accordingly, it is recommended that the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). The Petitioner's attention is directed to the notice on the next page.

s/William M. Catoe
United States Magistrate Judge

December 21, 2005

Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, supra; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**
