IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Robert W. Garrett, #267175, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 6:05-3497-HMH-WMC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Stan Burtt; and | ) | |
| Henry D. McMaster, Attorney General for | ) | |
| South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Robert W. Garrett ("Garrett") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Magistrate Judge Catoe recommends dismissing Garrett's § 2254 petition without prejudice and without requiring the respondents to file a return because Garrett failed to exhaust the state administrative remedies before filing his petition. Specifically, the Magistrate Judge noted, "Even if Court may accepts [sic] as true Garrett's claims that his Step One grievance has received no response and that the deadlines under GA-01-12.1 have passed, [Garrett] still has available an appeal to the [Administrative Law Court ("ALC")] which under South Carolina law provides the basis for further judicial

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

review." (Report and Recommendation 4.) Accordingly, the Magistrate Judge concluded that Garrett's "request for relief in this Court is premature." (Id. 5.)

Garrett objected to the Magistrate Judge's Report and Recommendation, claiming that he had filed a Step One grievance in August 2005 and waited over 100 days before filing his § 2254 petition, with no response to his grievance. (Objections 2.) Further, Garrett asserted that he has requested a copy of his Step One grievance from the prison administration and that his request was denied. (Id.) Garrett contends that he cannot seek review from the ALC because he has neither a final decision from the South Carolina Department of Corrections ("SCDC") nor a copy of his Step One grievance to submit with his appeal. (Id. 3.) With his objections, Garrett submitted the ALC appeal form, which requires an inmate to attach the SCDC's final decision. Because the period for the SCDC to respond has passed, it appears that Garrett would have to have either his original Step One grievance returned or a copy of it before he could file his appeal with the ALC.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1) (West Supp. 2005). "The exhaustion requirement . . . serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (internal citation omitted). "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Id.

Given these principles, it would be premature for this court to determine that Garrett has exhausted his available administrative remedies without allowing Warden Stan Burtt ("Burtt") and Henry D. McMaster ("McMaster") to respond to Garrett's allegations that he has been denied his request for a copy of his Step One grievance and that ALC review is thus unavailable to him. Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court declines to adopt the Magistrate Judge's Report and Recommendation.

It is therefore

**ORDERED** that the case is remanded to the Magistrate Judge to allow Burtt and McMaster to respond to Garrett's claims concerning exhaustion of administrative remedies.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
January 11, 2006

### NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3