IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Robert W. Garrett, # 267175, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 6:05-3497-HMH-WMC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Stan Burtt; and Henry D. | ) | |
| McMaster, Attorney General of South | ) | |
| Carolina, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local

Civil Rule 73.02 of the District of South Carolina.[1]  Robert W. Garrett ("Garrett") is a pro se

state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  In his Report and

Recommendation, Magistrate Judge Catoe recommends granting Respondent Henry D.

McMaster's ("McMaster") motion to dismiss and granting Respondent Stan Burtt's ("Burtt")

motion for summary judgment.

Garrett filed objections to the Report and Recommendation.  Objections to the Report

and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of

a party's right to further judicial review, including appellate review, if the recommendation is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber, 423
U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those
portions of the Report and Recommendation to which specific objection is made.  The court may
accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge
or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (West Supp. 2006).

1

accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir.

1984).  In the absence of specific objections to the Report and Recommendation of the

Magistrate Judge, this court is not required to give any explanation for adopting the

recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

On June 13, 2000, Garrett was sentenced for distributing crack cocaine.  It was his

second offense.  As such, when he was convicted, South Carolina law required that he serve not

more than twenty-five years' imprisonment.  See S.C. Code Ann. § 44-53-375(B)(2) (1999).

Moreover, a second offense for distributing crack cocaine is a Class B felony, and a felony

which is punishable by twenty years or more and is deemed a "no parole offense."  S.C. Code

Ann. §§ 16-1-90 & 24-13-100 (1999).[2]

> [A] prisoner convicted of a "no parole offense" as defined in Section 24-13-100
> and sentenced to the custody of the Department of Corrections, including a
> prisoner serving time in a local facility pursuant to a designated facility
> agreement authorized by Section 24-3-20, is not eligible for early release,
> discharge, or community supervision as provided in Section 24-21-560, until the
> prisoner has served at least eighty-five percent of the actual term of imprisonment
> imposed.  This percentage must be calculated without the application of earned
> work credits, education credits, or good conduct credits, and is to be applied to
> the actual term of imprisonment imposed, not including any portion of the
> sentence which has been suspended.

S.C. Code Ann. § 24-13-150 (1999).

In his § 2254 petition, Garrett alleges that his earned work credits and good time credits

have not been applied to reduce his sentence.  (§ 2254 Pet. 5-6.)  On February 7, 2006,

---

[2]Under current South Carolina law, a second conviction for a violation of section 44-53-
375 is a class A felony with a maximum of thirty years' incarceration.  See § 16-1-90 (2003)
(listing a second offense under section 44-53-375 as a class A felony); § 44-53-375 (West Supp.
2006) (making the statutory maximum for a second violation thirty years' incarceration).
Although the classifications were different when Garrett was convicted and sentenced, this
discrepancy does not change the court's analysis.

McMaster filed a motion to dismiss.  The Magistrate Judge recommended that McMaster's

motion be granted.  Garrett raised no objections to the Magistrate Judge's recommendation, and,

accordingly, McMaster's motion is granted.

Burtt filed a motion for summary judgment on March 3, 2006, arguing that Garrett failed

to exhaust the administrative remedies available to him before bringing his petition and that

Garrett's petition should be dismissed on the merits because his sentence has been calculated

correctly.  Because Garrett argued that the prison administration interfered with his ability to

exhaust his administrative remedies, Magistrate Judge Catoe concluded that a grant of summary

judgment for failure to exhaust would be inappropriate.  (Report and Recommendation 5.)  As

such, Magistrate Judge Catoe reviewed the merits of Garrett's arguments and determined that

summary judgment should be entered in Burtt's favor.  Magistrate Judge Catoe concluded that

Garrett's sentence had been calculated correctly and that he must serve eighty-five percent of his

sentence under South Carolina law and cannot earn good time credits or earned work credits to

reduce his sentence below that threshold.  (Id. 5-6.)  Burtt filed no objections to the Report and

Recommendation.

Garrett raises two specific objections.[3]  First, he concedes that South Carolina has a

statute requiring those convicted of certain crimes to serve eighty-five percent of their sentences,

but he claims that "if the court does not sentence a person pursuant to the statute, then the statute

cannot be imposed by the S.C.D.C."  (Objections 1.)  Garrett's argument is wholly without

merit.  Garrett does not dispute the Magistrate Judge's conclusion that he was convicted of a no-

---

[3]Garrett raises two other objections, neither of which affect the dispositive portions of
the Magistrate Judge's Report and Recommendation.

parole offense.  As such, he cannot avoid the conclusion that section 24-13-150 requires him to

serve eighty-five percent of the ten-year sentence which was imposed.  Garrett has identified no

authority, and the court is aware of none, that required the sentencing court to notify Garrett that

his conviction required him to serve eighty-five percent of the sentence imposed.  Instead,

Garrett acknowledged his guilt for the crimes of which he was convicted, and his signed plea

confirms that he was pleading guilty to a second offense of section 44-53-375(B)(2).  (Pet'r's

Mem. Opp'n Summ. J. Ex. 3 (Plea and Sentencing Tr. 145) & Ex. 4 (Signed Plea).)  As such,

Garrett either knew or should have known that his conviction required him to serve at least

eighty-five percent of his sentence, and his first objection is without merit.[4]

  Garrett's final specific objection concerns his December 10, 2008, max-out date.  Garrett

argues,

> The reason for this objection is that the respondent is attempting to apply a two
> year community supervision program pursuant to the S.C. Code Ann. § 24-13-
> 650 in which [sic] is a form of probation, as state [sic] by the S.C. Supreme Court
> in the precedent **JACKSON "VS" STATE, 349 S.C. 62,562 S.E. 2d. 475 (2002)**
> in which [sic] cannot be applied in this case, because the petitioner cannot get
> parole, furthermore if this is applied petitioner would do **[m]**ore time than the
> court imposed.

(Objections 2.)  Though it is unclear exactly what Garrett is arguing, Jackson states that "[a]n

individual, such as petitioner, convicted of a no parole offense must serve 85% of the actual

term of imprisonment imposed, less any part suspended, before becoming eligible for early

release, discharge, or participation in the [community supervision p]rogram," and "[a]ll persons

---

[4]As noted in Jackson v. State, 562 S.E.2d 475, 475-76 (S.C. 2002), Garrett's counsel was
not required to notify Garrett of his eligibility or ineligibility for parole because "parole
eligibility is a collateral consequence of sentencing."  This rationale confirms that Garrett's
parole eligibility was collateral to his sentence, and the sentencing court did not have to notify
Garrett that he would have to serve eighty-five percent of his sentence.

serving no parole sentences, except those under a death sentence or a life sentence, participate in the Program following their term of incarceration." 562 S.E.2d at 475 (internal quotation marks omitted). Accordingly, Garrett has failed to show either any error in the calculation of his max-out date or that he should not be required to participate in the community supervision program after he is released. Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

It is therefore

**ORDERED** that McMaster's motion to dismiss, document number 11, is granted. It is further

**ORDERED** that Burtt's motion for summary judgment, document number 14, is granted.

**IT IS SO ORDERED**.


s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 31, 2006

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.